## BUTCHER ET AL. *v.* OLMSTEAD.

[No. 14,523. Filed July 26, 1932. Rehearing denied October 6, 1932. Transfer denied June 15, 1934.]

W. C. *Overton* and *Jessup & Strode,* for appellants.
*Marshall, Hillis & Coffel,* for appellee.

KIME, P. J.—The appellee sued the appellant to recover on a promissory note for $4,000.00, and on the same day filed a *lis pendens* notice, that being the 10 day of August, 1929. On September 13, 1929, proof of service upon Grace E. Butcher by reading and by leaving a copy at the last and usual place of residence of Orville O. Butcher having been shown, and the Court "having heard all the evidence and being fully advised," found for plaintiff after defaulting the defendants and rendered judgment in the sum of $4,080.00.

On September 14, 1929, Jessup and Strode, attorneys, without any formal appearance and without leave of court, filed a simple motion to set aside "default, finding and judgment." It does not appear whether this was filed with the clerk or in open court. The motion is not in the record.

September 25, 1929, W. C. Overton entered his appearance for the defendants. On November 27, 1929, there was filed a motion, verified by Strode, one of the attorneys mentioned above, to be relieved from judgment. It does not appear whether leave was obtained nor where this was filed.

December 2, 1929, without any objection to prior action of court or attorneys, counsel for the plaintiff filed a demurrer to the motion to be relieved from judgment.

December 24, 1929, the attorneys for the parties being in open court (and no objection to the action being shown) the court overruled the demurrer, to which ruling the plaintiff excepted. The court then sustained the motion of the "defendants to set aside default and judgment thereon" and the "default and judgment rendered thereon are now set aside." Plaintiff excepted. Which motion this action was taken on does not appear from the record.

There was then filed by defendants a motion to cancel a lis pendens notice but this is not important here.

On December 31, 1929, defendants filed a motion to amend the judgment rendered on December 24, 1929, as follows, to read "default set aside to allow original defendants to set up defense to original action and to stay all proceedings under original judgment." And on January 24, 1930, it was so amended. To this action the *defendants* excepted.

Defendants then filed an answer in general denial, a second paragraph of answer pleading no consideration, a third pleading fraud, a fourth which is not set out in the brief, and a fifth of confession and avoidance. A reply in general denial was filed by plaintiff to the last four. Some paragraphs of cross-complaint seem to have been filed but they do not appear in the brief in any form and are therefore not before us.

The court then called the matter for further hearing. The defendants then moved the court to cause the plaintiff to "open the case, assume the burden and proceed with the introduction of their evidence." This motion was overruled. The defense then proceeded, the plaintiff followed and the defense closed. The court, after taking the matter under advisement, rendered the following judgment: "It is, therefore, considered and adjudged by the court that the plaintiff, Raymond T. Olmstead recover of the defendants, Orville O. Butcher and

Grace E. Butcher, the judgment heretofore rendered and that the stay of proceedings under such judgment be set aside."

A motion for a new trial followed and then this appeal. The errors assigned and presented are: (1) The court erred in sustaining the motion to amend the judgment rendered on December 24th, 1929, setting aside the default; (2) the court erred in amending the judgment rendered December 24, 1929, setting aside the default; (3) the court erred in overruling the defendants' motion for a new trial.

As to the first two we may say that this was done on motion of the defendants and if it could in any way be held to be error it was invited by them and they can not now complain. However, there was no error because the court has absolute control over its records until the end of the term.

Under the assignment that the court erred in overruling the motion for a new trial the appellants contend the court erred in refusing to cause the appellee to proceed as if the matter was being tried anew. In other words, the appellee should have then introduced evidence to prove his case.

The appellant assumes that the court was proceeding under the last paragraph of section 423, Burns Ann. St. 1926, Acts 1921, p. 277, which provides that the court shall relieve from a judgment taken against one through mistake, inadvertence, surprise, or excusable neglect. This does not appear from the record. There was no complaint filed and notice issued. The statutory remedy for the four causes set out and the inherent power of the court to grant such relief are confused. The appellant proceeded by motion during the term, thus appealing to the inherent power. Merely because they attempt to show excusable neglect in that motion does not place it under the statute.

From the action taken we must assume that the court for some reason decided that he would hear the defense and allowed it to be introduced. Why he did this is not important. If he wanted to do so during the term that was in his power. In order to protect the plaintiff who had been diligent in procuring his judgment the court under its broad discretionary power, said in effect to the defendants, I will hear your defense but let the judgment rendered stand, if your defense is meritorious I will then set aside the judgment rendered plaintiff and render such judgment as all the evidence warrants.

Appellants attempted to exhaust all the legal remedies that they had. The court may have appreciated this in granting them the relief that he did.

In the instant case the trial court set aside the default, permitted the appellants to file answers and appellees to file replies thereto; permitted appellants to introduce evidence to sustain the several answers, heard the argument of counsel and found that the defense asserted by appellants was not proven. There was some evidence to sustain the decision of the trial court and the decision of the court is therefore not contrary to law. The trial court in the instant case gave to the appellants full opportunity to be heard. No reversible error is available.

Judgment affirmed.

Bridwell, J., dissents.